Burk v. Platt et al.

No. 10,710.

BURK v. PLATT ET AL.

MARRIED WOMAN.—*Judgment.—Lien on Her Real Estate.—Execution.—Statute Construed.*—Section 5117, R. S. 1881, does not prevent a judgment against a married woman from becoming a lien upon her real estate nor from the enforcement of such lien by execution.

SAME.—*Contracts.—Property Liable for.*—Under section 5122, R. S. 1881, coverture is no bar to a married woman contracting debts in carrying on any trade, labor or business, on her sole and separate account, or as partner with another, and her real as well as her personal property is liable for such debts the same as if she were unmarried.

SAME.—*Partnership.—Injunction.*—Where a judgment is rendered against a married woman and a copartner for debts contracted in carrying on a partnership business, the levy and sale of her separate real estate for the collection of the judgment will not be enjoined.

From the Superior Court of Marion County.

*W. D. Bynum* and *A. T. Beck,* for appellant.

*V. Carter,* for appellees.

HAMMOND, J.—In 1882 the appellant, a married woman, and her copartner, Alfred M. Preston, purchased merchandise of the appellees, Emanuel Platt and Emil Troutman. For the goods thus purchased Platt and Troutman obtained before a justice of the peace two judgments against the appellant and Preston. Transcripts of the judgments were filed in the office of the clerk of the Marion Circuit Court, and, the proper steps being taken, executions were issued and placed in the hands of the appellee Adams, as sheriff, and were by him levied upon the appellant's real estate. A sale of such real estate being threatened under these executions, the appellant commenced this action to enjoin the sale. To her complaint, stating substantially the foregoing facts, a demurrer was sustained, to which she excepted, and judgment was rendered in appellees' favor for costs.

The only question made by the record of the case is, whether the separate real estate of a married woman is subject to sale under execution issued upon a judgment rendered against her

upon a contract made during coverture. This question has been before this court several times, and has been answered in the affirmative. *McDaniel* v. *Carver*, 40 Ind. 250 ; *Wagner* v. *Ewing*, 44 Ind. 441 ; *Burk* v. *Hill*, 55 Ind. 419.

In each of these cases judgment had been rendered against a married woman without the interposition of the plea of coverture, and it was held that the judgment was valid as against a collateral attack, and that its lien upon real estate was enforceable by execution. It is true that the questions especially discussed in the above cases related more particularly to the validity of a judgment against a married woman where she had not set up her disability to contract by way of answer. In the present case the appellant does not claim that the judgments against her were void. Their validity is conceded, but it is insisted that their collection can be enforced by execution only against her personal property. In support of this proposition the appellant relies upon sections 5115, 5116 and 5117, R. S. 1881, which are as follows:

5115. "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided."

5116. " No lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she were unmarried : *Provided*, That such wife shall have no power to incumber or convey such lands, except by deed in which her husband shall join."

5117. "A married woman may take, acquire, and hold property, real or personal, by conveyance, gift, devise, or descent, or by purchase with her separate means or money ; and the same, together with all the rents, issues, income, and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried. And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange, and convey her personal property ; and she may also, in like manner, make

Burk v. Platt et al.

any contracts with reference to the same; but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage: *Provided, however,* That she shall be bound by an estoppel *in pais,* like any other person."

The above sections 5115 and 5117 went in force Sept. 19th, 1881, which was prior to the appellant's purchase of the goods on which the judgments against her were rendered. Said section 5116 went in force May 6th, 1853. Section 5117, being the latest legislative expression, and fully covering the subject-matter of section 5116, probably repeals by implication the last named section. At any rate, sections 5115 and 5117, taken together as parts of the same act, show that, without reference to other enactments, the only disabilities of married women with respect to their separate real estate, are those imposed by section 5117. This section prohibits them from making any executory contract to sell, convey or mortgage their real estate, and from conveying or mortgaging the same, unless their husbands join in such contract, conveyance or mortgage. As the lien of a judgment is purely statutory, and does not arise out of contract, conveyance or mortgage, section 5117 does not prevent a judgment against a married woman from becoming a lien upon her real estate, nor from the enforcement of such lien by execution.

The course of legislation is decidedly in the direction of enlarging the property rights of married women, and these enlarged rights necessarily carry with them increased liabilities. By section 5122, R. S. 1881, coverture is no bar to a married woman contracting debts in carrying on any trade, labor or business on her sole and separate account, or as a partner with another. If she can contract such debts it follows that their collection may be enforced, but if they can be enforced only against her personal property, to the exemption of her real estate, the power to contract debts in her trade or business would be greatly limited. Credit in commercial

matters is based largely upon the ability of the debtor to pay his debts. Certainly the Legislature did not intend to confer upon married women the power to contract debts for the purposes of their trade or business, and at the same time greatly to impair their credit by making their personal property only subject to execution to satisfy such debts. We think it must be held in all cases where a married woman may contract a debt, that her property, real as well as personal, is liable for its payment, the same as if she were unmarried.

We think that the court below, in sustaining a demurrer to the appellant's complaint on the ground that it did not state facts sufficient to constitute a cause of action, committed no error.

Judgment affirmed, with costs.