Arnold *v.* Engleman.

Filed Nov. 6, 1885.

No. 12,184.

ARNOLD *v.* ENGLEMAN.

MARRIED WOMAN.—*Contract.*— *Coverture.*—Where, to an action on contract against a married woman, she pleads coverture, the plaintiff must reply the facts which show that the contract declared on is one which she had power to execute.

Arnold *v.* Engleman.

SAME.—*Executory Contract.—Statute Construed.*—Under section 5115, R. S. 1881, a married woman has general power to make executory contracts except in certain specified cases; and the provision of section 5117, that she may make contracts concerning her separate personal property, is not a limitation upon such general power.

SAME.—*Wearing Apparel.—Promissory Notes.*—A married woman may purchase wearing apparel for herself, and notes, executed by her for the price which she agreed to pay therefor, are valid, and may be enforced.

From the Huntington Circuit Court.

*T. G. Smith,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

ELLIOTT, J.—The first and second paragraphs of the appellant's complaint count upon promissory notes executed by the appellee, the third is upon an account for goods sold and delivered to her. The answer of the latter is, in substance, as follows: That she was a married woman at the time the notes were executed and the goods purchased; that she still is a married woman, and that the notes were not given by her in consideration of her separate property, nor for any improvements or benefits to her real or personal property, nor were they given by her in any business, loan or trade carried on by her, nor by any partnership of which she was a member, " but they were given for goods and necessaries for herself and family in the way of clothing and wearing apparel, and that the same is the debt of her husband, Christian Engleman, who is the head of the family and the father of the children, who are minors."

To this answer the appellant replied, admitting that the appellee was a married woman, and alleging that " the notes were executed in settlement of her account for dry goods, dress goods and other articles of female apparel suitable to the wants and condition of the defendant, which she purchased " of the appellant's assignor, which goods were charged to her on the books of the assignor, " delivered to her, and used by her; " that the goods were sold, delivered and charged to

the appellee by the appellant's assignor, " relying solely upon her special promise to pay for the same out of her own separate personal property, and in no way relying upon her husband to pay for the same or any part thereof."

It is proper, and, indeed, necessary for the plaintiff, in a case where coverture is pleaded, to reply the facts which show that the contract declared on is one which the married woman had power to execute. *Cupp* v. *Campbell*, ante, p. 213.

. The question here is as to the sufficiency of the facts pleaded to avoid the disability of coverture. We have decided that in cases of married women ability is now the rule and disability the exception. *Rosa* v. *Prather*, ante, p. 191. This is the only reasonable interpretation of our statute, for its language is broad and comprehensive. Section 5115 provides that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." This confers a general power to make executory contracts except such as are prohibited by the statute. There is no provision prohibiting married women from purchasing wearing apparel and executing notes for its value. It is true, that in section 5117 it is provided that she may make contracts concerning her separate personal property, but this is merely permissive and cumulative, and is not a limitation upon the general power conferred by the section quoted. It would be a great stretch to affirm that in buying personal property she was not contracting concerning it, and if the provision found in section 5117 stood alone it would be quite doubtful whether a married woman's contract for the purchase of wearing apparel for herself were not valid, but the provisions of section 5115 make it very clear that such contracts are valid and enforceable. The decisions in *Vogel* v. *Leichner*, 102 Ind. 55, *Rothschild* v. *Raab*, 93 Ind. 488, and *Wulschner* v. *Sells*, 87 Ind. 71, support our conclusion.

- Our conclusion is that a married woman may purchase wearing apparel for herself, and that notes executed by her

for the price which she agreed to pay for it, are valid and may be enforced.

Judgment reversed, with instructions to overrule the demurrer to the reply, and to proceed in accordance with this opinion.

Filed Nov. 6, 1885.