McLead *et ux. v.* The Ætna Life Insurance Company.

---

No. 12,663.

## McLEAD ET UX. *v.* THE ÆTNA LIFE INSURANCE COMPANY.

PLEADING.—*Answer.*—*Demurrer.*—An answer must respond to the entire complaint, or to so much as it purports to answer, or it will be bad on demurrer for the want of facts.

HUSBAND AND WIFE.—*Executory Contracts of Wife.*—*Real Estate.*—Under sections 5117 and 5119, R. S. 1881, a married woman can not convey or mortgage her real estate, nor enter into any executory contract to do so, unless her husband joins therein, nor can she enter into any contract of suretyship; but, except as thus prohibited, she has the same power to make executory contracts, and is as much bound thereby, as if she were unmarried.

SAME.—*Mortgage.*—*Foreclosure.*—*Consideration.*—*Complaint.*—Where it does not appear from the complaint to foreclose a mortgage against a husband and wife, that the mortgaged real estate is the separate property of the wife, or that she is the surety of her husband, such complaint is good without an averment that she received the consideration, or a part of it, of the notes and mortgage, either in person or in benefit to her estate.

SAME.—*Mortgage of Land Held by Entireties.*—*Validity.*—*Suretyship.*—A mortgage executed by a husband and wife on land held by them as tenants by the entirety, if it is for the benefit of the common property, or to secure the individual debt of the wife, is valid and binding on both.  It is only where it is given to secure the husband's debt—the wife being

prohibited from entering into a contract of suretyship by section 5119—that it is void.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellee.

Howk, C. J.—This was a suit by the appellee to foreclose a mortgage, executed to it by the appellants, on certain real estate in Hamilton county, and to collect the debt secured thereby, evidenced by the joint notes of such appellants. The appellants jointly answered in a single special paragraph, and the appellant Malinda McLead separately answered in a single affirmative paragraph. To each of these answers, appellee's demurrer was sustained by the court. And the appellants declining to amend or plead further, judgment was rendered against them for the amount due on their notes, and a decree was entered for the foreclosure of the mortgage in suit, etc.

In this court the appellants jointly, and appellant Malinda separately, assigned as errors the sustaining of appellee's demurrers to their respective answers, and, further, that the complaint herein does not state facts sufficient to constitute a cause of action, and that the demurrers to their answers should have been carried back by the court and sustained to appellee's complaint.

We will consider first appellants' objections to the sufficiency of appellee's complaint. There was no demurrer to the complaint, and its sufficiency is called in question for the first time in this court. It is claimed that "appellee's complaint does not state facts sufficient to constitute a cause of action against appellants jointly, or against the appellant Malinda McLead separately," because it fails to allege that appellant Malinda received either in person, or in benefit to her estate, the consideration of the notes and mortgage sued upon, or any part thereof. The notes and mortgage were jointly executed by the appellants on the 18th day of No-

vember, 1882, at which time the act of April 16th, 1881, " concerning husband and wife," which took effect on September 19th, 1881, was a part of the law of this State. In section 1 of such act, section 5115, R. S. 1881, it is provided as follows: "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." In *Arnold* v. *Engleman,* 103 Ind. 512, after quoting section 5115 as above, the court said : "This confers a general power to make executory contracts except such as are prohibited by the statute." *Rosa* v. *Prather,* 103 Ind. 191 ; *Barnett* v. *Harshbarger,* 105 Ind. 410.

In section 5117, R. S. 1881, it is provided that a married woman "shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage." Section 5119, R. S. 1881, reads as follows: "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

Except as prohibited in these two sections, 5117 and 5119, as above, a married woman had and has the same power to make executory contracts, and was and is as much bound thereby, as if she had been or was unmarried at the time of their execution. If the appellee's complaint, in the case in hand, had shown that the appellant Malinda was the surety of her co-appellant in the notes in suit, or that the mortgaged real estate was her separate estate, it would have been necessary, perhaps, to have alleged the further fact, in order to state a cause of action against her, that she had received either in person or in benefit to her estate the consideration of such notes and mortgage, or some part thereof. *Vogel* v. *Leichner,* 102 Ind. 55. But as no such showing was made in the complaint, it was sufficient to withstand appellants' assignments of errors, and would have been good, we think, even upon demurrers for the alleged want of facts.

In their joint answer the appellants alleged that they were husband and wife, and, as such, owned jointly as tenants by entireties the real estate described in the mortgage in suit, before and at the time of, and ever since, the execution of such mortgage; and that such mortgage was a cloud upon appellants' title to such real estate. Wherefore they asked that such mortgage be declared null and void, etc.

We are of opinion that the court committed no error in sustaining the demurrer to this joint answer of the appellants. The answer was bad on demurrer, because, while it purported on its face to be an answer to the entire complaint, it responded only as to the mortgage, and was wholly silent as to the notes in suit. The rule of pleading under the code, which requires that an answer must respond to the entire complaint, or to so much thereof as it purports to answer, or that it will be held bad on demurrer for the want of facts, is well settled by our decisions. *Smith* v. *Little,* 67 Ind. 549; *Douch* v. *Bliss,* 80 Ind. 316; *McCaslin* v. *State, ex rel.,* 99 Ind. 428, on p. 441.

The answer manifestly proceeds upon the theory that the mortgage was null and void, because the appellants, as tenants by the entirety of the mortgaged real estate, could not execute a valid mortgage thereon in any event or for any purpose. This theory is erroneous. A mortgage executed by both the tenants by the entirety would have been valid and binding on each of them, we think, under the rules of the common law. In *Dodge* v. *Kinzy,* 101 Ind. 102, we held such a mortgage to be invalid and void, because it appeared that the mortgage was given to secure the husband's debt, and the wife was prohibited by the statute from entering into a contract of suretyship. Section 5119, *supra.* But if such a mortgage were executed for the benefit of the common property, or to secure the individual debt of the wife, we know of no reason why it should not be held valid and binding on both the tenants by the entirety. It is not claimed by appellants in their joint answer, that the mortgage in suit

was given to secure the husband's debt; nor, indeed, do they show therein the consideration of the notes in suit. The facts stated in such joint answer are not sufficient, we think, to show that the mortgage in suit is null and void, and therefore it must be held that the demurrer to such answer was correctly sustained.

In her separate answer, the appellant Malinda McLead alleged that her co-appellant was her husband; that the mortgaged real estate was at the time, and had been since, the joint property of both appellants; that such real estate was conveyed to appellants as husband and wife, and was owned by them jointly as tenants by the entirety; and that the mortgage in suit was a cloud upon their title to such real estate, and deteriorated its value. Wherefore, etc.

There was no error, we think, in sustaining the demurrer to this answer. It was open to the same objections, and was bad for the same reasons, as the joint answer of the appellants. It was addressed to the entire complaint, but was wholly silent as to the notes in suit. It was not enough for the answer to show that she, Malinda, was a joint owner of the mortgaged real estate; but it should have shown also that the debt secured by the mortgage was the debt of her husband. *Cupp* v. *Campbell*, 103 Ind. 213, on p. 217.

The judgment is affirmed, with costs.

Filed Sept. 17, 1886.