Elliott v. Gregory.

Filed May 29, 1888.

No. 13,128.

ELLIOTT v. GREGORY.

MARRIED WOMAN.—*Contract.*—*Liability for Medical Services.*—Under section 5115, R. S. 1881, removing the disabilities of married women to make contracts, coverture is not a defence to an action by a physician for medical services rendered to a wife at her request and upon her promise to pay for the same.

From the Posey Circuit Court.

*E. D. Owen,* for appellant.
*W. P. Edson* and *F. D. Wimmer,* for appellee.

NIBLACK, C. J.—Complaint by Cyrenus Elliott, a practising physician, against Charlotte Gregory, upon an account for medical services rendered to the latter at her special instance and request, and upon her express promise to pay for such services.

The defendant answered that, at the time of the rendition of the services mentioned in the complaint, and at the time of making the supposed promise therein alleged, she was a married woman, and the wife of Alvis Gregory; that the services charged for were for necessary medical care and atten-

tion rendered to her during the time she was the wife of the said Alvis Gregory, and that the indebtedness to the.plaintiff on account of such services was the debt of the said Alvis Gregory, for which she, the defendant, as his wife, could not make herself liable.

A demurrer to this answer was overruled, and the court, without requiring a reply, empanelled a jury to try the cause, the result being a verdict and judgment for the defendant.

Error is assigned only upon the overruling of the demurrer to the answer of Mrs. Gregory. Counsel inform us that the answer was treated at the trial as amounting only to an argumentative denial of the allegations of the complaint, but the record discloses nothing on that subject.

In support of the sufficiency of the answer, it is sought to be maintained that it did, in legal effect, amount only to an argumentative denial of the complaint, and that, therefore, it constituted a good defence to the action. But we do not so construe the answer. It was an answer in confession and in avoidance. It impliedly admitted the rendition of the services sued for, and Mrs. Gregory's promise to pay for the same, and then set up her coverture as a protection against her liability to pay for such services. These made the pleading a formal, as well as a substantial, answer of coverture to the action. This, under existing statutes and our decisions upon them, was not a good defence to the complaint.

Section 5115, R. S. 1881, declares that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." In the construction of this section we have held that a married woman's ability to contract is now the rule, and that her disability to do so constitutes the exception. *Arnold* v. *Engleman,* 103 Ind. 512; *Bennett* v. *Mattingly,* 110 Ind. 197.

The answer under consideration did not base Mrs. Gregory's defence upon any of the exceptional disabilities still imposed on married women. On the contrary, the allegations of the complaint, which were impliedly admitted by

the answer, made a case affirmatively in which coverture was no disability. The circuit court, consequently, erred in overruling the demurrer to the answer.

It ought not, however, to be inferred from what we have said that a husband is not now liable for medical attendance upon his wife, as much as he ever would have been, in the absence of some express agreement or arrangement to the contrary.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed May 29, 1888.