Filed Oct. 7, 1890.

------

No. 14,414.

## YOUNG ET AL. *v.* McFADDEN.

MARRIED WOMAN.—*Defence of Husband.—Promissory Note.—Execution of to Pay Attorney's Fee.— Validity of.—Husband and Wife as Principals on Note.* —A married woman may bind herself by a note executed by her for the payment of the fee of an attorney, employed by her to defend her husband against a criminal charge. The fact that she joined her husband in executing the note does not imply that she was not a principal, for in a note signed by a husband and wife both may be principals; indeed, the husband may be the surety of the wife. The relation of the parties to the note, and the capacity in which they contracted, depend upon the contract with the creditor, and not solely upon the signatures to the instrument.

INSTRUCTIONS TO JURY.—*Must be Considered Together.*—Instructions can not be overthrown by dissecting them and assailing detached clauses in detail, but if taken as a whole they accurately declare the law they will be sustained.

From the Shelby Circuit Court.

*A. F. Wray* and *J. A. Tindall*, for appellants.

*E. P. Ferris, D. L. Wilson* and *J. B. McFadden*, for appellee.

ELLIOTT, J.—There is evidence tending to prove that the appellant employed the appellee to defend her husband, who was at the time in jail charged with having committed a crime, and that in payment of the fee agreed upon she executed the promissory note upon which the complaint is founded. The evidence also shows that the husband signed the note. The trial court instructed the jury as follows:

" It was competent for the defendant Mrs. Young, for herself, to enter into a contract with the plaintiff McFadden to defend her husband from the charge then alleged to be pending against him, and to execute a note to secure McFadden's fees in that behalf. And she would be bound by such note. If, therefore, you find from the evidence that the plaintiff at the time of the execution of the note in suit was an attorney, that the defendant James C. Young was confined in the jail of this county upon an indictment or information, and that the defendant did contract with the plaintiff to pay him the amount of said note to defend the said James from said charge, she is liable on the note as a principal, unless she, by her contract, limited her liability to that of surety, and the fact that she was a married woman will not limit her liability in this behalf.

"A surety is a person who binds himself for the payment of a sum of money, or for the performance of something else, for another who is already bound for the same. And should you find from the evidence that at the time of the execution of the note in suit by the defendant Mrs. Young no contract for the payment of the services for which the note was given had been made between the plaintiff and the defendant James C. Young, you may consider this fact in determining whether Mrs. Young signed the note as principal.

" While it was competent for Mrs. Young to contract on her own behalf, or jointly with her husband, to pay McFadden an attorney's fee for defending her husband, it was not competent for her to contract as surety to pay the debt of her husband, James C. Young. If James C. Young contracted the debt or liability to McFadden, and the wife contracted and signed the note as his surety to pay such debt, then the note can not be enforced against her. To put the proposition pointedly : If Mrs. Young contracted and signed the note in suit as surety, she is not liable thereon, but if she contracted as a principal debtor, then she is liable."

The controlling question presented by these instructions is whether a married woman has capacity to bind herself to pay an attorney whom she employs to defend her husband against a criminal charge. The instructions make the case hinge upon this question, for they declare the law upon the hypothesis assumed, and that is, that the wife, in her own behalf, contracted with the attorney, and agreed to pay him for his services. The case upon which the law is declared is assumed to be that of a married woman contracting as a principal with an attorney to defend her husband, and if she had capacity to make such a contract the instructions correctly express the law of the case ; but if she did not have capacity to make such a contract, they are erroneous from beginning to end.

We can receive no assistance from the decisions made under the common law, for our enabling statutes have completely changed the law. It is provided by our statute that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." Section 5115, R. S. 1881. The only exceptions to the wide rule thus declared are, that a married woman shall not encumber or convey her real property except by deed, in which her husband joins, and that she shall not enter into any contract of suretyship. Sections 5117, 5119, R. S. 1881. As to all other contracts her capacity is as great and unrestricted as that of an unmarried woman. There can be no doubt, under these statutes and under our decisions, that a married woman may contract with an attorney to defend her husband. The case is not different in principle from the employment of a physician or the purchase of drugs, or of other property, for the benefit of the family or of third persons, and it is settled that a married woman may bind herself by contract in such cases. Our decisions are numerous and harmonious upon kindred questions. *Miller* v. *Shields,* 124 Ind. 166 ; *Security Co.* v. *Arbuckle,* 119 Ind. 69 ; *Elliott* v. *Gregory,* 115 Ind. 98 ; *Bennett* v. *Mattingly,* 110 Ind. 197 ; *Chand-*

*ler* v. *Spencer,* 109 Ind. 553 ; *McLead* v. *Ætna L. Ins. Co.,* 107 Ind. 394; *Rosa* v. *Prather,* 103 Ind. 191; *Arnold* v. *Engleman,* 103 Ind. 512 ; *Burk* v. *Platt,* 88 Ind. 283.

The fact that she joined her husband in executing the note does not imply that she was not a principal, for in a note signed by a husband and wife both may be principals; indeed, the husband may be the surety of the wife. The relation of the parties to the note, and the capacity in which they contracted, depend upon the contract with the creditor, and not solely upon the signatures to the instrument. The principle which rules the point is that asserted in *Security Co.* v. *Arbuckle, supra.* In that case the husband and wife joined in executing a mortgage upon land owned by them as tenants by entireties, and the court held that the burden was on the wife, who claimed to be a surety, to show that the money did not enure to her benefit. The decision referred to goes further than we need do here, for all we need here do is to adjudge that the husband and wife may execute a note as principals.

It is true, as appellants' counsel contend, that the definition of a surety given in one sentence of the instructions is not strictly accurate, but it is quite clear that, taking the instructions as an entirety, as the settled law requires us to do, the jury could not have been misled. Instructions can not be overthrown by dissecting them and assailing detached clauses in detail, but if taken as a whole they accurately declare the law they will be sustained.

Judgment affirmed.

Filed Oct. 7, 1890.