Filed Jan. 22, 1892.

## No. 355.

## MORNINGSTAR v. HARDWICK.

MARRIED WOMAN.—*Contract of Suretyship.*— *What is Not.*—A note executed by a married woman to pay for a transcript to appeal a case wherein her husband is a party, the reversal of which will give priority to junior liens held by her on his real estate, is not a "contract of suretyship" within section 5119, R. S. 1881.

PRACTICE.—*Instructions.*— *Waiver of.*—*Objections.*—An objection that an instruction is not sufficiently specific will not be considered on appeal where no request was made at the trial for a more specific instruction.

SAME.—*Motion to Strike out Deposition.*—*Review on Appeal.*—No question is presented on a refusal to strike out a deposition, where the motion for a new trial assigns no specific error on the ruling.

From the Morgan Circuit Court.

*W. R. Harrison* and *C. G. Renner*, for appellant.

*J. H. Jordan* and *O. Matthews*, for appellee.

ROBINSON, C. J.—This was an action on a promissory note executed by the appellant to the appellee.

The answer was general denial, with another paragraph alleging that when appellant executed the note she was and yet is a married woman, and the wife of Peter Morningstar;

that no part of the consideration of said note moved to her, nor did she receive or in any way derive the benefit of any part of the consideration thereof, but the same was executed solely and entirely for a debt and liability of her said husband, and not otherwise, of which appellee had notice at the time of the execution of the note.

The appellee replied by general denial, and a second paragraph alleging facts which will hereafter appear, and it is not therefore necessary to here set them out.

There was a trial by a jury, which returned a general verdict for the appellee, with answers to special interrogatories propounded by each party with leave of court.    Appellant moved for a new trial, which was overruled, and exception taken.

Judgment was rendered on the verdict.

But one error is properly assigned, to wit, the alleged error of the court in overruling the motion for a new trial.

The first contention of the appellant is that the verdict of the jury was not sustained by sufficient evidence.

Under the issues formed the evidence tended to sustain the second paragraph of the reply, which admitted that the appellant was a married woman, but that the note was executed by the appellant in consideration of the price of preparing by the appellee as clerk of the Morgan Circuit Court, and delivering to the agent of the appellant for the appellant, a transcript of the proceedings had and judgment rendered against the husband of the appellant in an action in the Morgan Circuit Court, wherein William N. Cunningham was plaintiff and appellant's husband was defendant; that said transcript was to be used to prosecute an appeal from said judgment to the Supreme Court in behalf of appellant's husband; that appellant was interested in having said appeal prosecuted to said court, and in having said judgment reversed, and having said action defeated, for the reason that appellant had and owned at the time certain judgments rendered against her said husband in said circuit court, which

Morningstar v. Hardwick.

were junior liens upon the real estate owned by her husband in said county upon which said judgment appealed from to the Supreme Court was a first lien; that in the event said judgment was reversed by the Supreme Court on the appeal so taken, and said action was defeated, then the judgments so held and owned by appellant would become and be first liens upon the real estate so owned and held by her husband in said county, upon which the judgment in favor of said Cunningham was the first lien; that said transcript was necessary to prosecute such appeal; that said note was executed by appellant and accepted by the appellee through the duly authorized agent and attorney of the appellant; that her said agent and her said attorney, in conjunction with her husband, were duly appointed and acting as appellant's agents in the management and transaction of her business and legal affairs, and doing all that was necessary for the betterment of her real estate; that appellant, in order to obtain said transcript so that said appeal could be prosecuted, executed and delivered said note to her agents, who delivered the same to the appellee, but before he accepted said note such agent represented to the appellee that the appellant was interested in having said appeal prosecuted as aforesaid, and wanted and desired said transcript for her own use and benefit, and that appellant was the principal, and that said note was her own obligation, given appellee in satisfaction and settlement for his said services; that appellee relied upon and believed said representations to be true, without any knowledge to the contrary, and in good faith accepted said note as the obligation of the appellant, and delivered said transcript to her said agent upon receiving said note, and accepted said note instead of the money due to the appellee for his said service in preparing said transcript, which was received by appellant through her agent and used for the purposes aforesaid.

The note sued on in this action was executed in 1885;

therefore the liability of the appellant on the note must be determined by the statute of 1881, relating to the disabilities of married women. Under the facts which the evidence tends to establish, the question of suretyship is not an element in the case, but the question is, whether the appellant executed the note upon her own liability, upon sufficient consideration, and became liable for its payment. The law is settled under the statute of 1881 that a married woman has the ability to make any and all contracts in person or through her agent. Ability is the rule and disability is the exception. Her disability to convey or encumber her real property, except by deed in which her husband joins, and that she can not enter into any contract of suretyship, are all the disabilities recognized by statute. She can estop herself *in pais* the same as other persons. She may bind herself for the purchase of property for the use of any one. She may employ an attorney to defend her husband, or any other person, and become liable. The only restriction the statute places upon her in the making of contracts is, that she can not convey or encumber her real property except by deed in which her husband joins, and can not enter into any contract of suretyship. If the rule as above stated relating to the ability of married women to make contracts is correct, then there is no reason why the appellant could not bind herself to the appellee by the execution of the note in suit for the payment of the transcript to appeal the case to the Supreme Court wherein her husband was the only defendant, and particularly so if by defeating that judgment she would have thereby given the judgment held by her a prior and first lien upon the real estate of her husband, and by so doing she did not become surety. The propositions as we have stated them are fully sustained by authority. *Elliott* v. *Gregory*, 115 Ind. 98.

In *Young* v. *McFadden*, 125 Ind. 254, it was said : " We can receive no assistance from the decisions made under the common law, for our enabling statutes have completely

changed the law. It is provided by our statutes that 'All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided.' Section 5115, R. S. 1881. The only exceptions to the wide rule thus declared are, that a married woman shall not incumber or convey her real property except by deed, in which her husband joins, and that she shall not enter into any contract of suretyship. Sections 5117, 5119, R. S. 1881. As to all other contracts her capacity is as great and unrestricted as that of an unmarried woman. There can be no doubt, under these statutes, and under our decisions, that a married woman may contract with an attorney to defend her husband. The case is not different in principle from the employment of a physician or the purchase of drugs, or of other property, for the benefit of the family or of third persons, and it is settled that a married woman may bind herself by contract in such cases. Our decisions are numerous and harmonious upon kindred questions. *Miller* v. *Shields,* 124 Ind. 166; *Security Co.* v. *Arbuckle,* 119 Ind. 69; *Elliott* v. *Gregory,* 115 Ind. 98; *Bennett* v. *Mattingly,* 110 Ind. 197; *Chandler* v. *Spencer,* 109 Ind. 553; *McLead* v. *Ætna Life Ins. Co.,* 107 Ind. 394; *Rosa* v. *Prather,* 103 Ind. 191; *Arnold* v. *Engleman,* 103 Ind. 512; *Burk* v. *Platt,* 88 Ind. 283."

In *Berridge* v. *Banks,* 125 Ind. 561, it was said: "A married woman may purchase property for herself, or, indeed, for another, and bind herself by the execution of a promissory note in payment for the property purchased by her."

A further consideration of this question is needless. The evidence, as we have said, tended to sustain the second paragraph of the reply, and under the facts alleged in said reply the law is clearly with the appellee.

The next contention is that the answer of the jury to certain interrogatories was not sustained by the evidence. The answer of the jury to the interrogatories to which specific objection is made was harmless. It was immaterial whether

the interrogatories objected to had been answered in the negative or the affirmative, as, when considered in connection with the other interrogatories answered by the jury, to which appellant makes no objection, the answer to the interrogatories to which objection is made, either way, was wholly immaterial, and could have in no way affected the verdict.

It is further claimed that the court erred in instructions 7, 8, 9, 10 and 11. The argument made against the seventh instruction is that it does not specifically define estoppel. This does not render the instruction bad. If it was not sufficiently specific, and too general, the appellant should have asked for an instruction more specific, but, when considered with other instructions given, the instruction was correct.

Instruction No. 8 contained a correct statement of the law, which was that if the consideration of the note, or any part thereof, moved to the appellant, and that the note was executed for her benefit, as well as the benefit of her husband, the note would be valid as against her. *Young* v. *McFadden, supra,* and other authorities cited.

The ninth, tenth, and eleventh instructions were fully as favorable to the appellant as she could ask under the conclusions we have reached in the case under the authorities cited in construing the statutes of 1881, relating to married women, and under the rule so well established, that the instructions must be considered as an entirety, and not by detached clauses, it appears that the instructions, as a whole, fully embraced all the issues in the case, and fairly stated the law.

The final claim of the appellant is that the court erred in overruling appellant's motion to suppress and strike out the deposition of Levi Ferguson, taken by the appellee and filed in said cause. No question is presented to this court on this ruling by the motion for a new trial, as the motion for a new trial fails to assign any cause by reason of overruling said motion, and, besides, the appellant read said deposition in evidence.

Appellee raised the question in argument, that the evidence

and instructions were not in the record; but an examination of that question made it appear that both the evidence and instructions were properly in the record.

The judgment is affirmed, at appellant's costs.

