### ANDERSON *v.* CITIZENS NATIONAL BANK.

[No. 5,533.  Filed February 2, 1906.  Rehearing denied April 18, 1906.  Transfer denied June 5, 1906.]

1. HUSBAND AND WIFE.—*Disabilities of Wife.—Partnership.— Estoppel.*—Section 6960 Burns 1901, §5115 R. S. 1881, abolishing, with certain exceptions, the disabilities of married women, authorizes a wife to engage in partnership with her husband, and money borrowed by such partners for use in such business may be recovered from either.  p. 191.

2. SAME.—*Representations.—Estoppel.*—A married woman, borrowing money on the representation that it was to be used in a partnership business of which partnership she was a member, is estopped under §6962 Burns 1901, §5117 R. S. 1881, from asserting the defense of suretyship.  p. 193.

3. TRIAL. — *Answers to Interrogatories. — When Controlling. — Presumptions.*—Answers to interrogatories to the jury control the general verdict only when in irreconcilable conflict therewith, the presumptions all being in favor of the general verdict.  p. 193.

4. SAME.—*Answers to Interrogatories.—Irreconcilable.—Test.*— Answers to interrogatories to the jury are irreconcilable with the general verdict only when such answers together with all other facts provable under the issues cannot be consistent with such general verdict.  p. 193.

5. HUSBAND AND WIFE. — *Partnership.—Debts of.—Borrowing Money to Pay.—Suretyship.*—Money borrowed by a husband and wife, who constitute a trading partnership, for the payment of an antecedent note due from such partnership, but signed by the husband alone, may be recovered from either, such wife being a principal and not a surety thereon.  p. 193.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by the Citizens National Bank of Crawfordsville against Rachel J. Anderson.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*M. E. Clodfelter,* for appellant.

*Finley P. Mount,* for appellee.

ROBINSON, J.—Each of appellee's two paragraphs of complaint is based upon a promissory note executed to appellee by appellant and her husband. Appellant answered coverture and suretyship. Appellee replied in six paragraphs, the first of which was the general denial. The other paragraphs of reply are to the effect that the money was loaned to appellant and her husband upon the representation of appellant that she and her husband were partners in the cattle business, and that the money was to be used by them in the purchase of cattle. Appellee relied upon the representations so made, and believed them to be true, and was induced thereby to make the loans, and that without such representations appellee would not have made the loans nor advanced the money. Appellant and her husband were at the time partners in the cattle business, and she, with her husband, purchased a large number of cattle and owned the same as a partner with her husband at the time of his death, and after his death she took and received one-half of the proceeds of such cattle so owned by her and her husband as partners. The note sued on in the second paragraph of complaint was for the amount of an overdraft by appellee on her individual account. Demurrers to each of the affirmative paragraphs of reply were overruled. A trial by jury resulted in a verdict for appellee, with which the jury returned answers to interrogatories.

There is nothing in the statute that prevents a married woman from becoming a partner in business with her husband. A married woman may contract as a *feme sole* except in such cases as the statute forbids. Section 6960 Burns 1901, §5115 R. S. 1881, provides: "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." The exceptions which constitute the ex-

press restraints upon her right to contract are, that she cannot convey or mortgage her real estate, and that she cannot become a surety. §§6961-6963 Burns 1901, §§5116-5118 R. S. 1881. And the statute expressly provides that she shall be bound by an estoppel *in pais* like any other person. It has often been held that a married woman may borrow money to carry on her separate business, or to prevent the sacrifice of her property. And it has been held that the husband may maintain an action against the wife for money borrowed by her from him for use in her separate business and which she expressly promised to repay. "If she does voluntarily borrow from him," said the court in *Harrell* v. *Harrell* (1889), 117 Ind. 94, "under an express contract, and there is neither fraud nor oppression nor any injustice, no valid reason exists why she should not be compelled to repay him, for he is her creditor."

The statute neither authorizes a married woman to enter into a business partnership with another person, nor does it prohibit her from doing so. And it is held in *Burk* v. *Platt* (1882), 88 Ind. 283, that by §6967 Burns 1901, §5122 R. S. 1881, coverture is no bar to a married woman's contracting debts in carrying on any business on her separate account or as partner with another, and that her separate real estate and personal property may be levied upon and sold to satisfy a judgment against her and her copartner for debts contracted in carrying on the partnership business. See *Conant* v. *National State Bank* (1889), 121 Ind. 323. The legislature evidently contemplated that a wife might form a business partnership, not only with a third person but with her husband, as it is provided by §6967, *supra,* that a husband shall not be liable for any debts contracted by his wife in carrying on any business on her separate account, "or when she is in partnership with any person other than himself." See *Arnold* v. *Engleman* (1885), 103 Ind. 512; *McLead* v. *Aetna Life Ins. Co.* (1886), 107 Ind. 394; *Chandler* v. *Spencer* (1887), 109

Ind. 553; *Elliott* v. *Gregory* (1888), 115 Ind. 98; *Young* v. *McFadden* (1890), 125 Ind. 254; *Wilson* v. *Wilson* (1888), 113 Ind. 415.

Appellant could become the business partner of her husband, and is bound by an estoppel *in pais* as any other person. Her representations to the bank that she 2. was such partner and was borrowing money with her husband to be used in the partnership business were as binding upon her as if she were a *feme sole.*

Counsel for appellant argue that the answers to the interrogatories show that appellant received no part of the consideration for the note sued on in the first paragraph 3. of complaint. It has been many times held that special answers cannot control and overthrow the general verdict unless they are in irreconcilable conflict with it; that the answers cannot be aided by any presumptions, but that all presumptions will be indulged to sustain the general verdict. "In determining whether there is such a conflict," said the court in *City of* 4. *Ft. Wayne* v. *Patterson* (1891), 3 Ind. App. 34, "the evidence actually introduced will not be examined; and if, taking all the special findings together and adding to them any other fact that might have been proved under the issues, an irreconcilable conflict with the general verdict can be avoided, the answers to interrogatories will not be allowed to control." See *Cook* v. *Howe* (1881), 77 Ind. 442; *Pennsylvania Co.* v. *Smith* (1884), 98 Ind. 42; *Davis* v. *Reamer* (1886), 105 Ind. 318; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170; *Louisville, etc., R. Co.* v. *Creek* (1892), 130 Ind. 139.

If a part of the money borrowed by appellant and her husband was used to pay off a note or notes upon which the name of the husband alone appeared as maker, 5. and the money procured on the old note or notes was borrowed for and used by the partnership, and under the issues this may have appeared from the evidence,

it could not be said that appellant received no consideration for the new note. ' As against the general verdict the interrogatories do not show that the antecedent debt was not a partnership debt, nor do they exclude the possibility of appellant's ever having received any benefit in person or estate from the execution of the new note.

· No argument is presented by counsel that the verdict of the jury is not supported by evidence, or that the amount of recovery is too large. The instructions were full and correctly stated the law. Upon a careful consideration of the whole record we find no error prejudicial to appellant's rights, but it appears that the case was fairly tried and correctly decided upon its merits.

. Judgment affirmed.