## Minnis, Administrator, *v.* Steele.

[No. 11,004. Filed November 16, 1921. Rehearing denied February 16, 1922. Transfer denied November 23, 1922.]

1. **Husband and Wife.**—*Contract of Wife to Pay for Services Rendered Her and Her Husband.* — *Validity.* — A married woman can make a valid contract binding her to pay for personal services rendered to herself and husband, notwithstanding the husband's duty to support his wife, so that one rendering such services under a joint contract with the husband and wife can recover from the administrator of the wife's estate for services rendered prior to the death of the husband; such contract being neither a contract of suretyship nor one rendering the lands of the wife liable for the debts of her husband. p. 47.

2.  HUSBAND AND WIFE.—*Married Women.—Right to Contract.—* Ability of married women to enter into contracts is the rule, and disability the exception.   p. 47.

3.  WITNESSES.— *Competency.— Physicians.—Communications as to Business Matters.— Statutes.—* Where a family physician was a personal friend and business adviser of his patient, he was competent to testify as to statements made by his patient to him concerning her business affairs, such communications not being privileged under §520 Burns 1914, §497 R. S. 1881. p. 49.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by May Deeds Steele against Claude Minnis, administrator of the estate of Mary E. Minnis, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Sanford Trippet, J. M. Vandeveer* and *Lindsey & Lindsey,* for appellant.

*John T. Ballard* and *Thomas Duncan,* for appellee.

McMAHAN, J.—Appellee filed a claim against the estate of Mary E. Minnis for services.   A trial by jury resulted in a verdict and judgment in favor of appellee. Appellant's motion for a new trial was overruled, and error is here assigned on that ruling.   In support of his motion for a new trial, appellant insists:   (1) That the verdict is not supported by sufficient evidence; (2) that the amount of recovery is erroneous, being too large; (3) the refusal to give certain instructions; and (4) the admission of certain evidence.

Appellee in her verified claim alleges that in 1892, when she was nine years of age, she was received into the home of decedent, and continued to reside with decedent until her death in October, 1918; that in 1904, after appellee had become twenty-one years old, decedent and her husband proposed and agreed that if appellee would act and do by them as a child, and assist in the

care and keeping of their house and care for and nurse them in their sickness and remain with them until after their death, they would at their death or upon the death of the survivor of them pay her for such services by deeding her part of their land and would see that she was well provided for and well paid for such services. Luther Minnis, husband of decedent, died intestate in 1917 after several years illness and left all of his property to the decedent and to his only child, Claude Minnis, without having paid appellee for her services. After the death of her husband Mrs. Minnis renewed her agreement with appellee and appellee continued to perform said agreement on her part until October 19, 1918, when decedent died intestate, leaving Claude Minnis as her only heir and without paying or making any provision for paying appellee.

The evidence is ample to support a finding that the decedent and her husband agreed to pay appellee for the services she rendered them after she became twenty-one years of age, and that decedent renewed this promise after the death of her husband. *Eppert* v. *Gardner* (1911), 48 Ind. App. 188, 93 N. E. 550; *Miller, Admr.*, v. *Eldridge* (1891), 126 Ind. 461, 27 N. E. 132.

Appellant contends that since the amount of the recovery includes the value of services rendered from 1904 to the death of Luther Minnis in 1917, the amount **1, 2.** of the verdict is erroneous, being too large, and that the verdict is contrary to law. The theory of appellant is that the estate of Mrs. Minnis, if liable in any amount, is liable only for services rendered after the death of her husband, and that evidence of services rendered prior to the death of the husband will not authorize a recovery against the estate of appellant's decedent.

This is not a case like *Corcoran* v. *Corcoran* (1889), 119 Ind. 138, 21 N. E. 468, 4 L. R. A. 782, 12 Am. St.

390, cited by appellant, where a husband brought suit against his wife on an agreement wherein she agreed to support him. The law making it the duty of a husband to support his wife is not controlling in a case like the one now under consideration. The facts in this case are almost identical with the facts in *Wallace, Admr.*, v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222. There the appellee attempted to recover the value of the property which it was alleged appellant's decedent and her husband had agreed they would on their death give to appellee's ward. That case was tried upon the theory that the measure of recovery was the value of estate irrespective of the value of the services. The court, however, held that the measure of recovery was the value of the services. In the course of the opinion, the court said: "If the statute of frauds presents no obstacle to the enforcement of the contract, then, so far as the record discloses, none exists. It cannot, of course, be denied, that if the contract had been in writing, or if, in pursuance of an oral contract, the plaintiff had been put in complete possession, and she had otherwise fully performed on her part, specific performance could have been enforced."

We know of no statute prohibiting a married woman from entering into an agreement like the one here involved. It was not a contract of suretyship. Neither was it a contract that would render the lands of the wife liable for the debts of her husband. §§7852, 7855 Burns 1914, §§5116, 5119 R. S. 1881, cited by appellant are therefore not in point. A married woman is liable for medical services rendered at her special instance and request and upon her express promise to pay. *Elliott* v. *Gregory* (1888), 115 Ind. 98, 17 N. E. 196. She is liable on a note given for wearing apparel. *Arnold* v. *Engleman* (1885), 103 Ind. 512, 3 N. E. 238. Ability to enter into a contract is the rule, and disability is the

exception. *Morningstar* v. *Hardwick* (1892), 3 Ind. App. 431, 29 N. E. 929. The evidence being sufficient to sustain a finding that Mrs. Minnis and her husband jointly entered into the agreement as alleged, appellee was entitled to a verdict for the value of the services rendered by her after she became twenty-one years old. The verdict is not contrary to law. Neither does the amount of the verdict exceed the value of the services performed by appellee as shown by the evidence.

Instructions Nos. 3, 4 and 14, tendered by appellant, were fully covered by Nos. 5 and 6 given by the court on request of appellant.

Instructions Nos. 10 and 12 requested by appellant related to the liability of the decedent's husband and the non-liability of the decedent for the value of the services rendered by appellee prior to the death of Mr. Minnis. They were based upon the theory that Mrs. Minnis was not liable on her agreement to compensate appellee for such services. There was no error in refusing either of these instructions.

The next contention is that the court erred in permitting Dr. G. C. Mason to testify as to certain conversations he had with the decedent, wherein she said she wanted appellee to be well paid for her services and that she wanted him to see that appellee was paid for such services. Dr. G. C. Mason testified that he had been the family physician of Mr. and Mrs. Minnis for more than thirty years; that Mrs. Minnis visited him at his office on business and talked to him about appellee; that Mr. and Mrs. Minnis both came to his office and consulted him about their business, and talked to him about appellee, talked over what they should give her; that she should be paid for her services. On one occasion when he had been to see Mrs. Minnis professionally and after he had left the house, and while

in the yard, he was called back; that Mrs. Minnis called him to her bedside and said appellee had been a good servant and a good child, had rendered good services and she wanted her to have her part, that she wanted her well paid; and that he suggested that she make a will. Mr. and Mrs. Minnis had called at his office and talked about business, at which time Mr. Minnis said he wanted appellee to be well paid for her services. Witness advised both of them to make a will, and one time Mr. Minnis made a deed conveying all of his real estate to his wife. He brought this deed to the witness' office and left it with him. Later they came and got it.

This witness appears to have been a personal friend and business adviser of Mr. and Mrs. Minnis as well as their family physician. They went to him with their business troubles and advised with him, and on such occasions talked with him concerning appellee, and on at least one of such visits said they wanted her to be well paid for her services. They talked about making a will for that purpose, but never did so.

As said by the court in *Miller* v. *Miller* (1911), 47 Ind. App. 239, 94 N. E. 243: "It does not appear that the decedent's statement to the witness was in any manner connected with the making of any examination of the patient, or with any conversation with reference to the ailments or diseases with which the patient was suffering, or for which she was being treated, or in any manner pertained to such physician's employment, or that it was made while anyone was advising claimant as to the care and attention the mother should receive." Except as otherwise provided, all persons are competent witnesses in civil proceedings. Section 520 Burns 1914, §497 R. S. 1881, provides that "physicians, as to matters communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases," are not competent witnesses. The facts

about which Dr. Mason testified were not matters reasonably within his professional business, or about which he would be expected to give advice, or that would likely be communicated by a patient to a physician as such. The fact that the witness was the family physician of the decedent did not render him an incompetent witness as to the conversations about which he testified.

There was no error in overruling the motion for a new trial.

Judgment affirmed.