STRADLING *v.* HAHN.

[No. 13,132.    Filed October 30, 1928.]

*Arthur D. McKinley* and *Paul S. Brady,* for appellant.

*Harry S. Redkey* and *Lennington & Lennington,* for appellee.

REMY, J.—Action by appellee against appellant to recover for personal injuries sustained by appellee by reason of appellant's negligence. Material averments of the complaint are, that appellant was operating, at regular intervals, a motor bus along and over certain streets of the city of Muncie, conveying passengers for hire; that on January 23, 1926, and while operating the bus, "defendant stopped said bus near the intersection of Adams and Walnut streets in said city for the purpose of discharging and receiving passengers; that at said time and immediately north of where said bus had stopped, and on the north side of Adams street, there was an automobile parked; that while the bus was so receiving passengers, plaintiff approached said bus for the purpose of boarding the same as a passenger, and when she had taken hold of the hand-rail of said bus to board the same, and was in the act of so doing, the defendant carelessly and negligently started the bus in motion, causing plaintiff to be crushed between the bus and said automobile parked as aforesaid, on account of which plaintiff was injured," etc.

Trial of the cause resulted in a verdict and judgment for appellee. With the verdict, the jury returned answers to certain interrogatories. Appellant's motion for judgment on answers to the interrogatories notwithstanding the general verdict was overruled, and this action of the court is the only error assigned and presented for review by this court.

In answer to the interrogatories, the jury found that Adams street extended across the city in an east and west direction, and Walnut street north and south; that appellant operated the bus line as alleged in the complaint, and that the regular route was along Adams street and

across Walnut street where the two streets intersect; that, just prior to appellee's injury, the bus, which was headed west, was stopped at a point about the middle of Adams street and immediately east of Walnut street; that there was a traffic control light at the intersection of the two streets which light at the time showed "stop," in obedience to which the operator stopped the bus; previously to this time the buses had stopped east of Walnut on the north side of Adams street for the purpose of discharging and receiving passengers; that a police order had been promulgated changing the stopping place to a point on the west side of Walnut street, which order had gone into effect about two hours before appellee received her injuries, of which change the operator of the bus had been notified; that on the day in question a police officer was stationed at a point on the north side of Adams street east of Walnut for the purpose of notifying the public of the change in the stopping place; that when the bus which appellee attempted to board had stopped, the police officer informed the passengers of the order, and warned them not to alight; but did not warn passengers not to board the bus in a voice loud enough to be heard by appellee and the passengers on the bus; that the bus did not stop for the purpose of discharging and receiving passengers, but in response to the traffic control signal; that the bus was heavily loaded, some of the passengers were standing when the bus stopped, and remained standing till the bus was started, one passenger standing in the bus door; that the driver's seat was in the front of the bus near the south side, the door was in the front of the bus on the north side; that the bus when it stopped was near the middle of the street and not far from an automobile parked next to the curb; that when appellee approached the bus for the purpose of taking passage thereon she did not notify the driver of her intention, but proceeded to board the bus at a point be-

tween the bus and the automobile; that the driver of the bus did not know she was expecting to take passage, and started the bus when she had hold of the hand-rail, and was in the act of getting on, and caused appellee to be caught between the bus and the front fender of the automobile, and injured; that the driver did not learn of appellee's injuries at the time.

From the answers to certain of the interrogatories, it appears that at the time in question the bus was stopped in response to traffic control signals, and not for the purpose of receiving and discharging passengers as averred in the complaint. The fact so found, it is contended by appellant, renders the answers to interrogatories in irreconcilable conflict with the general verdict. In support of this contention, it is argued that the theory of the complaint is that the bus was stopped solely for the purpose of receiving and discharging passengers, and that recovery must be upon that theory; and that, since the jury found that the bus was stopped for another purpose, there can be no recovery.

The basis for recovery, as set forth in the complaint, is not so narrow as claimed by appellant. In addition to the allegation that the bus was stopped for the purpose of receiving and discharging passengers, it is alleged that passengers were being received after the bus had been stopped, and "while appellee was approaching" for the purpose of taking passage. On the issue thus presented, it appears that the jury made no finding by answer to any interrogatory or interrogatories submitted. Under such circumstances this court will presume, in aid of the general verdict, that what might have been proved under the issue was proved, and that passengers were being received by appellant after the bus had stopped, although it had not been stopped for that purpose. *Anderson* v. *Citizens Nat. Bank* (1906), 38 Ind. App. 190, 76 N. E. 811. The jury

did find that the point at which appellee was injured had been the regular stopping place for the bus until two hours before the accident, and that the change was by police order. There is no finding, however, that appellee had any notice of the change, or had been warned not to board the bus at that point.

Under the issues, the jury could have found by their general verdict that appellee, at the time in question, approached the bus for the purpose of taking passage, without any knowledge of the police order, and that she believed, and had reason to believe, that the bus had been stopped for the purpose of receiving passengers; in other words, that the jury could have found that there was an implied invitation to appellee to enter the bus.

If passengers were, in fact, being received, it was appellant's duty to exercise ordinary care in the operation of the bus, to the end that passengers should not be injured while in the act of taking passage.

It is conceded, and the jury found by answer to an interrogatory, that the driver did not know that appellee was approaching for the purpose of becoming a passenger, but that fact is not sufficient to warrant the conclusion that the driver was in the exercise of ordinary care.

The question of contributory negligence on the part of appellee was for the jury, and the jury by its general verdict found for appellee.

We hold that the answers to the interrogatories are not in irreconcilable conflict with the general verdict.

Affirmed.