No. 13,735.

## THE SECURITY COMPANY *v.* ARBUCKLE ET AL.

MARRIED WOMAN.—*Mortgage.*—*Suretyship.*—*Land Held by Entireties by Husband and Wife.*—To bring a mortgage, executed by a husband and wife upon land owned by them as tenants by entireties, to secure a loan of money made upon their joint application, within the prohibition of section 5119, R. S. 1881, making the wife's contracts of suretyship void, it must affirmatively appear that the money received did not enure to the benefit of the wife, or to the benefit of the joint estate.

SAME.—*Insufficient Finding of Wife's Suretyship.*—A finding that the money received on the mortgage was used by the husband "mainly in discharging his indebtedness upon which his wife was surety," and that he "recognized all the debts paid with the money as his individual debts, upon which his wife was only surety," does not constitute a sufficient finding of the fact of the wife's suretyship.

SPECIAL FINDING.—*Uncertainty.*—*New Trial.*—Where the special findings are uncertain and ambiguous upon material points, the judgment will be reversed for a new trial.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.
*J. Stafford* and *T. E. Boyd*, for appellees.

MITCHELL, J.—This was a suit to foreclose a mortgage executed by Matthew and Mary E. Arbuckle, on the 6th day of May, 1882, to Thomas C. Day, and afterwards assigned by the latter to the Security Company, of Hartford, Connecticut. The mortgage was adjudged invalid upon the ground that the real estate mortgaged was owned by the mortgagors, Arbuckle and wife, as tenants by the entireties ;. that the debt, to secure which the mortgage was given, was the debt of Matthew Arbuckle, the husband, and that Mary E. Arbuckle, wife of the former, received no part of the consideration for which the mortgage was executed. It became a question, under the pleadings, whether or not the mortgagors were estopped to assert that the mortgage debt had not been contracted for the benefit of their joint property.

The only material facts found by the court are, that the land was owned as above stated, and that Matthew Arbuckle made an application to the mortgagee for a loan of $1,000, but that the latter refused to make the loan until Mary E. Arbuckle joined in the application, when the loan was made to the husband and wife, both of whom signed the note and mortgage. Matthew Arbuckle drew the money from a bank upon a check drawn by the mortgagee, payable to both mortgagors.

It does not appear from the special finding what the money was borrowed for, and there is nothing in the findings to indicate how the money was used, except that it is recited that Matthew Arbuckle " used it mainly in discharging his indebtedness, upon which his wife was security ;" and that he " recognized all the debts paid with the money as his individual debts, upon which his said wife was only surety."

The foregoing can not, however, be accepted as the find-

ing of any facts. Whether or not the note and mortgage sued on are within the prohibition of section 5119, R. S. 1881, which declares void any contract of suretyship entered into by a married woman, depends upon whether or not the consideration upon which they were executed enured to the benefit of Mrs. Arbuckle or to the benefit of her estate. *Vogel* v. *Leichner*, 102 Ind. 55 ; *Cupp* v. *Campbell*, 103 Ind. 213 ; *Ward* v. *Berkshire L. Ins. Co.*, 108 Ind. 301.

The mortgaged estate being the joint property of both, and the loan having been made on the joint application of both mortgagors, the burden is upon them to make it appear that the consideration of the notes was not obtained and used for the benefit of the joint estate. This is not the case of a married woman mortgaging her separate estate to secure a debt which appears to be the obligation of herself and another. This is the case of the owners of a joint estate who joined in a mortgage thereon to secure the apparent obligation of both, and it must affirmatively appear that the debt was not for their joint benefit.

Upon these material and controlling facts the special findings of the court are either entirely silent, or they are so uncertain and ambiguous as to leave the court wholly without any facts upon which to rest its judgment.

That the money received was used *mainly* to pay off debts which the husband recognized as his debts, amounts to no finding at all. Whether the debts paid off were the debts of the husband, and whether Mrs. Arbuckle was merely surety for him, depends upon facts, and not upon the mental attitude of the parties.

It should be observed that the same uncertainty which characterizes the special finding of the court pervades the pleadings. General statements to the effect that the defendant Mary E. Arbuckle executed the note and mortgage as surety for her husband, are not a sufficient statement of facts. Whether she was surety or not depends upon the purpose for which the money was borrowed, and to which it was applied.

If it was borrowed and used to pay off debts of her husband, which did not constitute valid incumbrances on the joint estate, or if it was not in some way used for her benefit or the benefit of her estate, she was a surety. These facts are neither directly averred in the pleadings nor are they found by the court. This is not a case where the findings of the court are merely silent upon a material point in issue. It presents a case where the findings are uncertain and ambiguous. The justice of the case requires that the judgment should be reversed, and a new trial ordered upon amended pleadings.

The judgment is reversed, with costs.

Filed May 15, 1889.