Filed Dec. 17, 1889.

No. 13,278.

## JENNE v. BURT.

PLEADING.—*Complaint.*—*Foreclosure of Mortgage.*—*Tenants by the Entireties.*— Where real estate owned by the husband and wife, as tenants by the entireties, was mortgaged by them, each signing the mortgage and note, an averment in a complaint to foreclose the mortgage, that the loan was made to them jointly, raises the presumption that the wife was a principal and not the surety of her husband, and state a good cause of action against them as principals.

SAME.—*Amendment of.*— *When may be Made.*—In a suit to foreclose a mortgage the court permitted the plaintiff to amend his complaint after the cause had been submitted to it for its decision, by adding after the word " dollars," in the original complaint, the words "for their joint use and benefit."

*Held,* that it was in the discretion of the court to permit such amendment to be made.

Jenne *v.* Burt.

SAME.—*Abuse of Discretion by Court.*—It is not error to allow amendments to conform the pleadings to the evidence after the cause has been finally submitted to the court or jury trying the same, where the amendment does not change the cause of action or defence, unless the circumstances are such as to show an abuse of discretion.

From the Marion Superior Court.

*H. J. Everett,* for appellant.

*J. S. Duncan, C. W. Smith, J. R. Wilson* and *J. P. Baker,* for appellee.

BERKSHIRE, J.—This action was brought upon a promissory note and upon a mortgage given to secure its payment. The appellee was the plaintiff below, and the appellant and her husband the defendants.

At special term the appellee recovered a judgment upon the note and a decree foreclosing the mortgage. From that judgment and decree the appellant appealed to the general term, and in general term the judgment and decree at special term were affirmed, and from the judgment in general term the appellant prosecutes this appeal.

The questions for our consideration are :

1. Did the complaint as originally filed state a good cause of action?

2. Did the court err in allowing the amendment to the complaint after the cause had been submitted to it for its decision?

3. Did the court err in overruling the demurrer to the second paragraph of reply to the second paragraph of answer, and to the second paragraph of reply to the fourth, fifth and sixth paragraphs of answer, and to the third paragraph of reply?

4. Was there sufficient evidence to sustain the finding of the court?

All of these questions must be answered adversely to the appellant.

The note was executed by the appellant jointly with her

husband, and she joined him in the execution of the mort-
gage. It was alleged in the complaint as originally filed that
the consideration for the note was $1,000 borrowed by the
appellant and her husband of the appellee, and that they
executed the mortgage to secure the note, and that the ap-
pellant and her husband owned the real estate mortgaged as
tenants by the entireties.

Whether the allegations in the complaint would carry with
them the presumption that the appellant was a joint principal
with her husband, and not his surety, had the mortgaged real
estate been her separate property, is a question which we are
not called upon to determine.

The mortgaged property being the joint estate of both,
and it being averred that the loan was made to them jointly,
the presumption must be that she was a principal, and not
the surety of her husband, hence the facts stated constitute a
good cause of action against her. *Security Co., etc., v. Ar-
buckle,* 119 Ind. 69.

After the caption the complaint, as originally filed, so far
as we need copy from it, reads thus : " Comes now Martha
E. Burt, the plaintiff herein, and complains of Charles H.
Jenne, Nellie F. Jenne, and The Hercules Powder Company,
and says that, on the 6th day of February, 1883, said de-
fendants, Charles H. Jenne and Nellie F. Jenne, borrowed
of the said plaintiff the sum of one thousand dollars."

The amendment that was made followed immediately the
word " dollars," in these words :  " For their joint use and
benefit."

Amendments to pleadings are largely in the discretion of
the court.

It is not error to allow amendments, to conform the plead-
ings to the evidence after the cause has been finally submitted
to the court or jury trying the same, where the amendment
does not change the cause of action or defence, unless the
circumstances are such as to show an abuse of discretion.
*Levy* v. *Chittenden,* 120 Ind. 37, and cases cited.

The amendment made by the appellee did not change her cause of action, and was made to conform the said pleading to the proof as she claimed it to be.

The amendment was altogether proper, but had it been otherwise there was no available error, for the reason, as we have held above, the complaint was good without the aid of the amendment. All that we have said with reference to the complaint is applicable to the replies, and we do not, therefore, feel called upon to refer to them separately.

The evidence is sufficient to sustain the finding of the court. We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 18, 1889; petition for a rehearing overruled Dec. 18, 1889.