Filed Nov. 5, 1891.

---

No. 15,322.

## KEDY ET AL. *v.* KRAMER ET AL.

MARRIED WOMAN.—*Liability of.*—*Note and Mortgage.*—A married woman who buys property may execute a note and may, jointly with her husband, execute a mortgage to secure the purchase-money, and it is not material whether she purchases for herself alone or for herself and husband. If she acquires a beneficial ownership in the land purchased she receives a consideration for her contract, and is a principal and not a surety.

From the Clinton Circuit Court.

*J. V. Kent,* for appellants.

*H. G. Morrison* and *M. Morrison,* for appellees.

ELLIOTT, J.—The appellee sued upon a note and mortgage executed by William U. Kedy and Meda Kedy to Oliver Galvin, and by Galvin assigned to the appellee.

The answers of the appellants were in confession and avoidance, and hence admitted the material allegation of the complaint that the note and mortgage were assigned to the appellee. As this allegation was admitted, the appellants can not successfully insist that there is a failure of evidence, because none was offered to prove the assignment.

A married woman who buys property may execute a note and may, jointly with her husband, execute a mortgage to secure the purchase-money, and it is not material whether she purchases for herself alone or for herself and her husband. *Miller* v. *Shields,* 124 Ind. 166; *Berridge* v. *Banks,* 125 Ind. 561; *Young* v. *McFadden,* 125 Ind. 254. If she acquires a beneficial ownership in the land purchased she receives a consideration for her contract, and is a principal, not a surety. Such a contract as that of the purchase of land where there is one deed conveying to a wife and her husband jointly, can not be split into fragments to the prejudice of the vendor, but, as to him, all the purchasers are principals, and the promise to pay indivisible. Where the vendor conveys to the wife, naming her as sole grantee, it is even more clear that she can not be heard to aver that the consideration did not move to her.

We have not examined the questions of appellate practice discussed by appellees' counsel with care, but from such an examination as we have given them we are inclined to think the points well made.

Judgment affirmed.

Filed Nov. 6, 1891.