### ALDRIDGE ET AL. *v.* CLASMEYER.

[No. 9,914. Filed June 27, 1919.]

1. HUSBAND AND WIFE.—*Action Against Wife.—Defense.—Coverture.—Pleading.*—The defense arising from coverture is a personal defense, and, when pleaded to an action on contract against a married woman, the plaintiff must reply facts which show that the contract sued on is one on which she is bound. p. 51.

2. HUSBAND AND WIFE.—*Joint Obligations.—Action.—Plea of Suretyship by Wife.—Reply.—Sufficiency.*—In an action against husband and wife to recover on notes executed by them in payment of the purchase price of a store, and to foreclose a mortgage securing the payment of the notes, paragraphs of plaintiff's reply to paragraphs of answer filed by the wife pleading suretyship, *held* to show sufficiently that she acquired a beneficial interest in the store by purchase, so that she would be a principal and not a surety on the notes. p. 52.

3. APPEAL.—*Review.—Harmless Error.—Overruling Demurrer.*—Error, if any, in overruling demurrer to a reply seeking to estop defendants from asserting that the wife was a surety on the notes in suit is harmless, the court having determined that the wife was in fact a principal. p. 53.

4. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—Where appellant's brief states a number of abstract propositions of law without any specific application of the same, the brief fails to comply with the rules of court governing the preparation of briefs. p. 53.

5. HUSBAND AND WIFE.—*Joint Obligations.—Wife as Surety.—Burden of Proof.*—Where the obligation sued upon is that of husband and wife, and is secured by mortgage on real estate held

by them as tenants by entireties, there is no presumption that the wife is surety, or that the consideration obtained was not used for the benefit of her joint estate, and the burden is upon her to allege and prove that she executed such obligation as surety and not as principal. p. 53.

6. HUSBAND AND WIFE.—*Joint Obligations.*—*Relation of Wife.*—*Presumption.*—That the notes sued on were the joint obligations of defendants, husband and wife, and that the title to the real estate involved was held by them as tenants by entireties at the time they executed the mortgage in suit to secure the notes, would, standing alone, create a presumption that the wife was a principal on the notes, and not a surety, and, where the other facts found by the court tend to support this presumption rather than to rebut it, the presumption stands. p. 54.

7. SALES.—*Executory Contract.*—*Title.*—*Intention of Parties.*—In an executory contract of sale the goods remain the property of the seller until the contract has been executed, and whether, in a particular case, there is an actual sale, or only an executory contract of sale, depends upon the intention of the parties. p. 55.

8. SALES.—*Executory Contract.*—*Evidence.*—In an action to recover on notes given for the purchase price of a store and to foreclose a mortgage given to secure the payment of the notes, evidence *held* to warrant the inference that the contract of sale remained executory until the execution of the bill of sale. p. 55.

9. APPEAL.—*Review.*—*Findings.*—*Sufficiency of Evidence.*—In determining whether the finding of facts is sustained by sufficient evidence, the court on appeal must not only consider the direct evidence most favorable to appellee, but also all reasonable inferences that the trial court was warranted in drawing therefrom, and this is true, although other and contrary inferences may be reasonably drawn from such evidence. p. 56.

10. APPEAL.—*Briefs.*—*Questions Presented.*—*Rulings on Evidence.*—Where appellant's brief fails to show that any exceptions were reserved to the rulings of the trial court with reference to the admission and rejection of evidence, no question in that regard is presented for the determination of the court on appeal. p. 56.

11. TRIAL.—*Venire de Novo.*—Where there was a special finding of facts and conclusions of law thereon, and the facts found are sufficient to sustain the conclusions of law in favor of plaintiff, the motion for a *venire de novo* was properly overruled. p. 57.

12. APPEAL.—*Briefs.*—*Waiver of Error.*—Assigned errors are waived by a failure of appellants to make any specific reference thereto in the propositions or points in their brief. p. 57.

From Delaware Superior Court; *Everett Warner,* Special Judge.

Action by Fred W. Clasmeyer against Bert E. Aldridge and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellants.

*Pickens, Cox & Conder* and *Silverberg, Bracken & Gray,* for appellee.

BATMAN, C. J.—This is an action by appellee against appellants, who are husband and wife, to recover a judgment on certain promissory notes, executed by each of them, and to foreclose a mortgage executed by appellants on certain real estate held by them as tenants by entireties, given to secure said notes. Appellant Mary J. Aldridge filed her separate answer to appellee's complaint in four paragraphs. The first is a general denial. The second alleges that she is the wife of her coappellant, and was such at the time of the execution of the mortgage mentioned in appellee's complaint; that at the time of the execution thereof she and her said husband owned the real estate described therein as tenants by entireties; and that she executed the same, and the notes secured thereby as surety only. The third paragraph is a plea of want of consideration. The fourth paragraph alleges that, at the time of the execution of the notes and mortgages in suit, she was, and still is, the wife of her coappellant; that said instruments were executed in consideration of a debt owing by her coappellant to appellee; that she received no part of the consideration thereof, and executed the same only as surety for her said coappellant. Appellee filed a

reply to the second, third and fourth paragraphs of said answer of appellant Mary J. Aldridge in two paragraphs. The first is a general denial, and the second alleges in substance that the notes in suit were given for the balance of the purchase price of a grocery store, purchased jointly by appellants, and that the mortgage in suit was given to secure the same. Appellant Mary J. Aldridge filed a demurrer to said second paragraph of reply, which was overruled. Appellant Bert E. Aldridge filed an answer to appellee's complaint in two paragraphs. The first is a general denial. The second is an answer to so much of appellee's complaint as seeks to foreclose the mortgage mentioned therein. It alleges in substance that, at the time of the execution of said mortgage, appellants were, and now are, husband and wife, and were on said date, and have been continuously since, the owners of the real estate described therein as tenants by entireties; that the only consideration for the notes described in said mortgage was a grocery store, which he alone purchased of appellee, and in which his coappellant had no interest; that the indebtedness evidenced by said notes is his debt; that no part of the consideration for said notes passed to his coappellant in any form; that at most she is only surety for said indebtedness, and that, by reason of such facts, the mortgage in suit is not subject to foreclosure. Appellants filed a joint paragraph of answer to appellee's complaint, which is the same in substance as the second paragraph of the separate answer of appellant Bert E. Aldridge. Appellee filed a reply to the second paragraph of the separate answer of appellant Bert E. Aldridge and the joint answer of appellants. The first paragraph is a gen-

eral denial. The second alleges in substance that appellee sold a grocery store to appellants; and that the notes and mortgage in suit were executed by them in connection with, and as part of the consideration for, their joint business. The third paragraph alleges facts by which appellee seeks to estop appellants from asserting that appellant Mary J. Aldridge is surety on the notes in suit, and from denying the validity of the mortgage given to secure the same. Appellants demurred jointly, and appellant Mary J. Aldridge demurred separately, to appellee's said third paragraph of reply, which demurrers were each overruled. Appellants filed a cross-complaint against appellee, seeking to quiet their title to the real estate in question, to which the latter filed an answer in general denial. On the issues thus formed the cause was submitted to the court for trial. On request the court made a special finding of facts and stated its conclusions of law thereon.

The facts essential to the determination of the questions hereinafter considered are as follows: That on and prior to April 1, 1915, appellee was the owner of a grocery store and meat market in Indianapolis; that appellants were husband and wife, and were living together as such on said date, and at all times hereinafter mentioned, of which fact appellee had knowledge; that on and prior to said date each of appellants were earning wages and contributing the same to their family expenses; that on said date negotiations were begun between appellee and appellant Bert E. Aldridge for the sale of said store and market, in which appellee agreed to sell the same and accept as security for the deferred payments therefor a mortgage on certain lots in Muncie, Indiana, which

appellants were purchasing, together with a chattel mortgage on the property sold; that said appellant talked to his wife about the purchase of said store and market, and informed her about the arrangements for the payment of the purchase price thereof; that on April 3, 1915, appellant Bert E. Aldridge gave appellee a check for $200 as the first payment on said store and market, and that it was then agreed that an inventory thereof should be taken on the next day, which was Sunday, and that the deal should be closed as soon as appellants received a deed for the Muncie lots; that appellee and appellant Bert E. Aldridge, assisted by others, made an inventory of the stock in said store and market on the following day, at which time the former delivered to the latter the keys to the room in which the same were located, and it was then agreed that the deal should be closed as soon as appellants received a deed for said Muncie lots; that on April 5, 1915, appellee arranged for a transfer of the insurance policy on the stock and fixtures, and for an assignment of the lease on the room in which the same were located, to appellant Bert E. Aldridge; that thereafter appellants received deeds for said Muncie lots, in which both were named as grantees; that thereupon appellant Bert E. Aldridge called appellee by phone and informed him that the deeds had been received; that it was then agreed that appellee and appellants should meet at the law office of Pickens, Cox and Conder during the noon hour of that day to close up the transaction; that shortly after noon on April 7, 1915, the parties met at the office of said attorneys as agreed; that one of said attorneys, Mr. Conder, at appellee's request, had theretofore prepared a bill of sale from appellee to

appellants for said stock and fixtures, also the notes and mortgages in suit, also certain other notes, covering the balance of the purchase price of said stock and fixtures, and a chattel mortgage thereon, to be given by appellants to appellee to secure said last-named notes, and also an affidavit to be signed by appellee to comply with the bulk sales law; that, upon the arrival of appellants, Mr. Conder stated to them, in the presence of appellee, that he understood from what had been told him that Mrs. Aldridge was entering into the purchase of a grocery store with her husband, and that the bill of sale was to be made to them jointly; that he then read the bill of sale, real estate and chattel mortgages to appellant Mary J. Aldridge; that she stated that she did not know anything about the grocery business, and did not know how the matter would come out; that the appellants then signed the notes and mortgage in suit, the notes and chattel mortgage mentioned above, and acknowledged the execution of said mortgages before Mr. Conder as a notary public; that said notes and mortgages were thereupon delivered to appellee, who signed the bill of sale, and delivered the same to appellant Bert E. Aldridge; that said mortgages were duly recorded, and the notes secured by said chattel mortgage were paid, and said chattel mortgage duly released; that appellant Bert E. Aldridge operated said store and market for seven or eight months after April 7, 1915, during which time the money derived therefrom was deposited in his name, and used exclusively in paying the notes secured by said chattel mortgage thereon, and in paying bills incurred in operating said business, and no part thereof was used in paying the individual obligations of either of appellants; that on April 1, 1915, appellant Mary J.

Aldridge was employed by the Indianapolis Corrugating Company at a salary of $18 per week, and prior to said date she had held a commission as notary public, and had acted as such in taking acknowledgments to various instruments; that during the time in which appellants operated said store and market they lived together as husband and wife, kept house as such, each contributing to the living expenses of said household, and during said time groceries, meats and provisions were taken from said store and market and consumed by appellants in their home; that about seven or eight months after April 1, 1915, appellant Bert E. Aldridge exchanged said store and market for certain real estate, the title to which was taken in the names of both appellants; that the consideration for the notes and mortgage in suit was a part of the purchase price of said store and market; that said notes are wholly unpaid; that appellee has been compelled to employ attorneys to collect said notes and foreclose said mortgage, and that a reasonable fee therefor is $100; that appellants are indebted to appellee on the notes sued on in the sum of $959.15, including interest and attorneys' fees, and that the same is secured by the mortgage in suit, which is a lien on the real estate therein described.

On the facts specially found the court stated conclusions of law, which are in effect as follows: (1) The law of the case is with appellee. (2) Appellant Mary J. Aldridge executed the promissory notes and mortgage in suit as principal, and not as surety. (3) Appellee is entitled to recover of appellants the sum of $959.15, without relief from valuation or appraisement laws, together with the costs of this action. (4) Appellee is entitled to foreclose the mortgage in suit,

and to a sale of the real estate described therein to pay and satisfy his judgment herein. (5) Appellants are not entitled to recover on their cross-complaint.

Appellants jointly, and separately and severally, excepted to each of said conclusions of law. They afterwards filed a joint motion for a new trial, and also a separate and several motion for the same purpose. These motions are in substance the same, and were each overruled. Appellants then filed their joint and several motion for a *venire de novo,* which was overruled. They now prosecute this appeal, and have assigned errors which require a consideration of the questions hereinafter determined.

It is contended that the court erred in overruling the demurrer of appellant Mary J. Aldridge to the second paragraph of appellee's reply, addressed to the second and fourth paragraphs of said appellant's separate answer. This contention is based on a claim that said paragraph of reply fails to allege that the consideration mentioned therein was received by her, or was intended to be used by her for her benefit, or for her separate or joint estate. It has been held that the defense arising from coverture is a personal defense, and that when pleaded to an action on contract against a married woman, the plaintiff must reply facts which show that the contract sued on is one on which she is bound. *Arnold* v. *Engelman* (1885), 103 Ind. 512, 3 N. E. 238; *Dickey* v. *Kalsbeck* (1898), 20 Ind. 290, 50 N. E. 590. It has also been held that, where a married woman acquires a beneficial ownership in land purchased, she receives a consideration for her contract, and is a principal therein and not a surety; that where land is conveyed to a wife and her husband

jointly, the contract cannot be split into fragments' to the prejudice of the vendor, but as to him all the purchasers are principals and the promise to pay indivisable. *Kedy* v. *Kramer* (1891), 129 Ind. 478, 28 N. E. 1121. No reason occurs to us why this principle should not be applied to contracts involving the purchase of personal property by a husband and wife.

An examination of the paragraph of reply under consideration discloses that it is alleged therein in substance that the stock of merchandise in question was purchased by appellants jointly; that they executed the notes and mortgage in suit to evidence and secure the balance due on the purchase price thereof; that said stock of merchandise was sold and delivered by appellee to appellants jointly, and not to appellant Bert E. Aldridge individually; and that said notes and mortgage were executed by appellants in connection with and as part of the consideration for their joint business. True, the pleader, in one or two instances, uses the inapt expression "tenants by the entireties" in describing the title which appellants acquired in said personal property by the purchase thereof. *Abshire* v. *State, ex rel.* (1876), 53 Ind. 64. However, we believe that, notwithstanding such fact, the fair import of said paragraph of reply is as stated above. We therefore conclude that it alleges facts which show that appellee Mary J. Aldridge acquired a beneficial interest in said stock of merchandise by purchase. Under these circumstances she would be a principal, and not a surety, on the notes given for the purchase price thereof, in accordance with the rule stated above. We conclude that the court did not err in overruling the demurrer in question.

It is further contended that the court erred in overruling the joint demurrer of appellants to appellee's third paragraph of reply to their joint answer to the complaint. It will be observed that said third paragraph of reply alleges facts by which appellee seeks to estop appellants from asserting that appellant Mary J. Aldridge is surety on the notes in suit, and from denying the validity of the mortgage given to secure the same. Inasmuch as the court determined that said appellant was in fact a principal on said notes, any error in ruling on appellants' demurrer to said third paragraph of reply would be harmless. For the same reason any error in overruling the separate demurrer of appellant Mary J. Aldridge to appellee's third paragraph of reply to her second and fourth paragraphs of answer to the complaint would be harmless.

Appellants contend that the court erred in each conclusion of law stated on the special finding of facts. In support of this contention they state a number of abstract propositions of law without making any specific application of the same to the instant case. This is not a compliance with the rules governing the preparation of briefs. However, we gather from the general tenor of the propositions stated that appellants base their contention in this regard on a claim that the special finding of facts fails to show that appellant Mary J. Aldridge received all or a part of the consideration of the notes in suit, either in person or to the betterment of her joint or separate estate. The recognized rule in this state is that, where the obligation sued upon is that of husband and wife, and is secured by a mortgage on the real estate held by them

as tenants by entireties, there is no presumption that the wife is surety on such obligation, or that the consideration obtained was not used for the benefit of her joint estate, and the burden is upon her to allege and prove that she executed such obligation as surety and not as principal. *Security Co.* v. *Arbuckle* (1889), 119 Ind. 69, 21 N. E. 469; *Jenne* v. *Burt* (1889), 121 Ind. 275, 22 N. E. 256; *Miller* v. *Shields* (1890), 124 Ind. 166, 24 N. E. 670, 8 L. R. A. 406; *Cook* v. *Buhrlage* (1902), 159 Ind. 162, 64 N. E. 603. In the instant case the special finding of facts shows that the notes in suit were the joint obligations of appellants, and that the title to the real estate in question was held by them as tenants by entireties at the time they executed the mortgage in suit to secure the same. These facts standing alone under the rule stated above would create a presumption that she is a principal on said notes, and not a surety. The other facts found tend to support this presumption rather than to rebut it, and hence the presumption stands.

Appellants predicate error on the action of the court in overruling their motion for a new trial. Among the reasons assigned therefor are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. This requires us to consider whether the special finding of facts is sustained by sufficient evidence, and whether it is contrary to law. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 71 N. E. 123. In support of this contention appellants urge with much vigor, among other things, that the evidence shows that the sale of the store and market was made to appellant Bert E. Aldridge and fully consummated by delivery, prior to the time at

which the parties met in the office of Pickens, Cox and Conder, where appellant Mary J. Aldridge executed the notes and mortgages given to evidence and secure the balance of the purchase price of said store and market; that by reason of such fact she could not have purchased an interest therein of appellee at such time, and therefore must have executed the notes and mortgage in suit as surety. In support of this contention they cite the facts that the inventory had been made, the purchase price had been determined, the keys to the storeroom had been turned over to appellant Bert E. Aldridge, and he had been operating the business prior to such meeting. While these facts were proper for the court to consider in reaching its decision, they were not conclusive against appellee.

7. In this connection we note that it has been held that in an executory contract of sale the goods remain the property of the seller until the contract has been executed, and whether, in a particular case, there is an actual sale, or only an executory contract of sale, depends upon the intention of the parties. *Warner* v. *Warner* (1903), 30 Ind. App. 578, 66 N. E. 760.

8. It will be observed that the evidence tends to prove, as the court found, that when it was agreed to take an inventory of the stock on Sunday, and when appellee delivered the keys to appellant Bert E. Aldridge, after taking such inventory, it was agreed that the deal would be closed as soon as appellants received the deeds to the Muncie lots; that when said deeds had come appellant Bert E. Aldridge called appellee by phone and informed him of that fact, and it was then agreed that appellants should meet appellee at noon on that day to close up the transaction.

These facts, when considered in connection with other facts proved, and the surrounding circumstances, are sufficient to warrant an inference that the contract of sale remained executory until the execution of the bill of sale, notes and mortgages at the office of Pickens, Cox and Conder on April 7, 1915. Moreover, the court may have drawn the inference from the facts and circumstances in evidence that, in negotiating for the purchase of the store and market, appellant Bert E. Aldridge was not only acting for himself, but also as agent for his wife, in which event it would be immaterial whether the contract of sale had been executed, or was executory, at the time the notes and mortgages were executed.

In determining whether the finding of facts is sustained by sufficient evidence, we must not only consider the direct evidence most favorable to appellee, but must also consider all reasonable inferences that the trial court was warranted in drawing therefrom. *Moerecke* v. *Bryan* (1915), 183 Ind. 591, 108 N. E. 948. And this is true, although other and contrary inferences may be reasonably drawn from such evidence. *Toledo, etc., R. Co.* v. *Milner* (1916), 62 Ind. App. 208, 110 N. E. 756; *Nat. Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559. Guided by these rules, we are unable to say that the decision of the court is not sustained by sufficient evidence. No sufficient reason has been presented for holding that the decision of the court is contrary to law.

Appellants, in support of their motions for a new trial, finally contend that the court erred in the admission and rejection of certain evidence. However, a careful examination of their original brief, and the subsequent amendment thereto,

fails to disclose that any exceptions were saved to the rulings of the court with reference to such evidence. Under these circumstances no question in that regard is presented for our determination. This is in accord with the settled rule governing the preparation of briefs on appeal, as disclosed by many decisions. *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392; *Smith, Admx.,* v. *Cleveland, etc., R. Co.* (1918), 67 Ind. App. 397, 117 N. E. 534; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *Chastain* v. *Board, etc.* (1918), 68 Ind. App. 162, 119 N. E. 1007. Other alleged errors are either expressly or impliedly waived. We conclude that the court did not err in overruling appellants' motions for a new trial.

Appellants also contend that the court erred in overruling their joint and several motion for a *venire de novo*. As there was a special finding of facts in this case and conclusions of law thereon, and the facts found are sufficient to sustain the conclusions of law in favor of appellee, the motion for a *venire de novo* was properly overruled. *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821. All other errors properly assigned have been waived by a failure of appellants to make any specific reference thereto in their propositions or points. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362.

Appellants have failed to point out any reversible error in the record, and the judgment is therefore affirmed.