## ELWOOD TRUST COMPANY ET AL *v.* FRITZ ET AL.

[No. 24,112.    Filed April 21, 1922.]

HUSBAND AND WIFE.—*Purchase of Land.—Joint Note and Mortgage.—Liability of Wife.—Statutes.*—Where husband and wife exchanged lands with another party, and executed a mortgage on property held by entireties to secure the payment of promissory notes for "boot money," and the land received by them was taken in the names of both, the wife, having received a consideration for the execution of the mortgage and notes, was a principal, and not a surety, and could not escape liability under §7855 Burns 1914, §5119 R. S. 1881, declaring a married woman's contracts of suretyship void.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by the Elwood Trust Company against Caroline Fritz and others, in which Robert H. Cooper filed a cross-complaint. From the judgment rendered, the plaintiff and cross-complainant appeal. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Willkie & Willkie* and *Gentry & Campbell,* for appellants.

*Phil J. Fariss* and *J. F. & N. C. Neal,* for appellees.

TOWNSEND, J.—Appellees Jefferson M. Fritz and William F. Small were to some extent dealing in farms during the year 1916. They owned a fifty-acre tract in Madison county, Indiana, the legal title being in Mr. Fritz. Appellant Cooper owned a 160-acre tract in

Pulaski county, Indiana. They agreed to trade with Cooper and to give him $1,557 to boot. Both farms were subject to mortgage. Cooper engaged a lawyer in Elwood, Indiana, to close the transaction. Small and Fritz went to this lawyer's office.

Appellees Jefferson M. Fritz and Caroline Fritz were owners as tenants by entireties of a twenty-two-acre tract in Hamilton county, Indiana, on which they executed a mortgage to appellant Cooper to secure two promissory notes, made payable to Cooper, one for $1,000 and one for $557. These notes and the mortgage were assigned to appellant Elwood Trust Company before maturity. This action was brought by the Elwood Trust Company to foreclose this mortgage.

It transpired at the trial that the $1,000 note had been given to the Elwood Trust Company as collateral and that the obligation that it was collateral to had been paid before the bringing of this action. Thereupon Cooper was permitted to file a cross-complaint against appellees Fritz and Fritz to foreclose the mortgage. The trial resulted in a general finding in favor of Fritz and Fritz, that the mortgage was invalid. Personal judgment was rendered against Messrs. Fritz, Small and Cooper in favor of the Elwood Trust Company on the $557 note, and in favor of Cooper against Messrs. Fritz and Small on the $1,000 note.

The question presented is whether the facts are sufficient to sustain the general finding of the court that Mrs. Fritz is surety and not principal on the notes in question.

There is probably no subject in the books that has caused so great a diversity of opinion as that which involves the right of a *feme covert* to execute contracts, from the time of the modification of the common law by the court of chancery in England, to the present time of its modification by statutes in the various states. On

the various phases of this subject under our statute, it would be extremely difficult to draw a clear line of demarcation through the opinions of the Supreme and the Appellate Court; but no authority has been called to our attention and we know of none where the consideration in a contract actually moves to the *feme covert* or is for the benefit of her estate, where she has been permitted to say that she is a surety and not a principal.

In the case at bar it appears that Mrs. Fritz was called to the office of Cooper's lawyer, and in the presence of Mrs. Fritz, Mr. Fritz, Cooper and Small an affidavit was dictated which was signed and sworn to by Mrs. Fritz and Mr. Fritz, in which it was declared that Mr. and Mrs. Fritz were taking title to an undivided one-half of the 160-acre tract; that the notes and mortgage were in payment of the balance of the purchase price for this undivided half; that they made the affidavit to induce Cooper to sell his land to them and to accept their Hamilton county land as security for the purchase-money notes which they were giving. At the same time a deed was drawn by Cooper's lawyer and executed by Cooper and his wife, which conveyed to Fritz and Fritz, as husband and wife, and to Small, this 160-acre tract of land. The evidence shows that thereafter Fritz and Fritz and Small conveyed this land to some other person. It appears from the evidence outside the actual written documents executed that Mrs. Fritz was enough interested in this 160-acre tract of land to go and examine it before the deal was consummated, and to take into consideration the size of the house and determine in her own mind whether she and her husband and their family would remove from the twenty-two-acre tract owned by them in Hamilton county to this land in Pulaski county.

The only issue tendered is that Mrs. Fritz is surety and not principal. There is no evidence that Cooper

knew anything about the arrangements between Mr. and Mrs. Fritz and Mr. Small. In fact the evidence shows that up to the time of the naming of the grantees, he rather thought that Small was an agent for Fritz in the negotiation of the sale of the Madison county land for Cooper's land in Pulaski county. Nor is there any evidence that the Elwood Trust Company knew or had any reason to suspect, that the relations were other than those which appeared on the face of the deed and the affidavit.

Mrs. Fritz got the consideration in this deed and has parted with the title to the property. To permit her, under the circumstances of this case, to defeat Cooper or the trust company is to use §7855 Burns 1914, §5119 R. S. 1881, as a cloak for fraud. That is to say, to induce Cooper to lose his right to a vendor's lien, and to induce the trust company to part with its money on the strength of the conveyance and the affidavit, and leave them both with a personal judgment, which is possibly worthless.

It has been said many times by the authorities that as to a *feme covert* in this state, the rule is ability and not disability; and it has many times been said that where a husband and wife execute a mortgage on property which they hold by entireties, that the presumptions are that it is for the benefit of both. Here we not only have this presumption but we have the actual consideration in the deed from Cooper moving to Mrs. Fritz. She got, with her husband, an undivided half of this 160-acre tract.

In *Kedy* v. *Kramer* (1891), 129 Ind. 478, at 479, 28 N. E. 1121, it was said: "A married woman who buys property may execute a note and may, jointly with her husband, execute a mortgage to secure the purchase-money, and it is not material whether she purchases for herself alone or for herself and her husband. *Miller* v.

*Shields,* 124 Ind. 166; *Berridge* v. *Banks,* 125 Ind. 561; *Young* v. *McFadden,* 125 Ind. 254. If she acquires a beneficial ownership in the land purchased she receives a consideration for her contract, and is a principal, not a surety." See also, *Magel* v. *Milligan* (1898), 150 Ind. 582, 588, 50 N. E. 564, 65 Am. St. 382, and authorities there cited.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.